```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
WOODROW WILSON PREACELY,             :    10 Civ. 4377 (JSR) (JCF)
                                     :
           Plaintiff,                :         REPORT AND
                                     :       RECOMMENDATION
     - against -                     :
                                     :
AAA TYPING & RESUME, INC.,           :
                                     :
           Defendant.                :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

This is an action in which the plaintiff, Woodrow Wilson Preacely, appears to allege discrimination by a former employer, AAA Typing & Resume, Inc. ("AAA"). The defendant has moved to dismiss the complaint for failure to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. For the reasons that follow, I recommend that the motion be granted.

Background

On April 6, 2010, Mr. Preacely, proceeding pro se, filed a 40-page complaint, together with approximately 100 pages of exhibits. (Order dated June 2, 2010 ("Sua Sponte Order") at 1, 3). On June 2, 2010, the Honorable Loretta A. Preska, Chief Judge, issued a sua sponte order addressing the plaintiff's pleading. She characterized the complaint as follows:

> In sum, the complaint contains voluminous allegations and documents regarding an alleged conspiracy since 1994 among the police, public housing authorities, plaintiff's neighbors and all of plaintiff's former employers to watch, follow and harass plaintiff. However, the complaint does not contain basic facts supporting a Title VII claim against defendant AAA Typing & Resume, where plaintiff allegedly began working in 2007. Specifically, plaintiff fails to allege how long he worked for AAA Typing & Resume; what his title, hours and responsibilities were; specifically what his AAA Typing

1

>    & Resume co-workers or supervisors said or did that could
>    support a claim for retaliation or discrimination based
>    on race or sex; and dates and locations of the alleged
>    wrongdoing by AAA Typing & Resume.

(<u>Sua Sponte</u> Order at 6-7) (internal citations omitted). Accordingly, the Court directed the plaintiff

>    to file an amended complaint setting forth facts upon
>    which a court could conclude that defendant AAA Typing &
>    Resume, Inc. discriminated against him based on his race
>    and sex or other protected status.  Plaintiff must allege
>    facts, preferably in chronological order, such as (a) how
>    long he worked for AAA Typing & Resume; (b) what his
>    title, hours and responsibilities were; (c) specifically
>    what his AAA Typing & Resume co-workers or supervisors
>    said or did that could support a claim for retaliation or
>    discrimination based on race or sex; and (d) dates and
>    locations of the alleged wrongdoing by AAA Typing &
>    Resume.

(<u>Sua Sponte</u> Order at 9-10) (internal citations omitted).  Further, because the complaint contained substantial material unrelated to any claim against AAA, Judge Preska directed that

>    [p]laintiff . . . <u>must</u> limit his allegations in his
>    amended complaint to those of discrimination by AAA
>    Typing & Resume, and he must <u>not</u> include allegations
>    regarding his interactions with his neighbors, former
>    employers, the police or public housing authorities.
>    Plaintiff must name as defendant <u>only</u> his former employer
>    AAA Typing & Resume, Inc.

(<u>Sua Sponte</u> Order at 10).

Mr. Preacely responded to this order by submitting a thirty-three page, single-spaced amended complaint on July 30, 2010.  AAA has now moved to dismiss that pleading.

<u>Discussion</u>

   A. <u>The Legal Standard</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the

2

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must be sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009). However, "Rule 8(a) sets a lower bar than Rule 12(b)(6) or Rule 9(b)," In re Allou Distributors, Inc., 395 B.R. 246, 258 (Bankr. E.D.N.Y. 2008), and dismissal under Rule 8(a) "'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" Shomo v. New York, 374 Fed. Appx. 180, 182 (2d Cir. 2010) (quoting Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

In applying Rule 8(a) to a pro se complaint, the pleading must be construed liberally, id. at 183, and with sufficient sensitivity "so as to do justice" as required by Rule 8(e) of the Federal Rules of Civil Procedure, Fed. R. Civ. P. 8(e); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); McKeown v. New York State Commission on Judicial Conduct, 377 Fed. Appx. 121, 122 (2d Cir. 2010). In fact, pleadings of a pro se party should be read "'to raise the strongest arguments that they suggest.'" Kevilly v. New York, No. 09-4635, 2010 WL 5156766, at *1 (2d Cir. Dec. 21, 2010) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)). Even

after Iqbal, which imposed heightened pleading standards for all complaints, pro se complaints are to be liberally construed. See Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). Dismissal of a pro se complaint is nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements. See, e.g., Paul v. Bailey, No. 09 Civ. 5784, 2010 WL 3292673, at *4 N.Y. July 21, 2010) (citing Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997)), report and recommendation adopted, 2010 WL 3292672 (S.D.N.Y. Aug. 18, 2010).

B. Non-Compliance with the Sua Sponte Order

In his amended complaint, Mr. Preacely deleted all parties except AAA from the caption as instructed by Judge Preska. However, in all other respects, he failed to comply with her order. The "amended complaint, far from curing the deficiencies of [the plaintiff's] previously filed complaint[], only perpetuates and compounds them." Sumay v. Salvation Army, No. 95 CV 5109, 1996 WL 200620, at *3 (E.D.N.Y. April 23, 1996) (internal quotation marks omitted). The new pleading still contains extensive rants about perceived wrongs done to the plaintiff by the City of New York, the New York City Housing Authority, and the New York City Police Department (Amended Complaint ("Am. Compl."), ¶¶ 2, 3, 14, 15, 16, 17, 18); a catalogue of Mr. Preacely's prior litigation (Am. Compl, ¶ 12); a history of his disputes with law firms (Am. Compl., ¶ 19); and a lengthy description of a dog bite incident (Am. Compl., ¶¶ 34-36). He also asserts threats against AAA that he says he will follow through on if the case is not "expeditiously settled." (Am.

Compl., ¶ 56). Most importantly, Mr. Preacely has neglected to include any additional information that would even begin to demonstrate that he has a plausible claim of employment discrimination.[1] Instead, his claims against AAA remain vague and conclusory.

The policy of giving a liberal construction to pro se complaints "'does not mandate that a Court sustain every pro se complaint even if it is incoherent, rambling, and unreadable.'" Coon v. Benson, No. 09 Civ. 230, 2010 WL 769226, at *3 (S.D.N.Y. March 8, 2010) (quoting Barsella v. United States, 135 F.R.D. 64, 66 (S.D.N.Y. 1991)). The pleading requirements of Rule 8

> "are designed to compel a plaintiff to identify the relevant circumstances which he . . . claims entitle him . . . to relief in such a manner that the defendant is provided with fair notice so as to enable him . . . to answer and prepare for trial. However, complaints which ramble, which needlessly speculate, accuse and condemn, and which contain circuitous diatribes far removed from the heart of the claim do not comport with these goals and this system and must be dismissed."

Id. (quoting Barsella, 135 F.R.D. at 65-66). As Mr. Preacely's amended complaint fits squarely within this description, it should be dismissed.

Furthermore, it should be dismissed with prejudice. "Where,

---

[1] The Amended Complaint also alleges violations of "42 U.S.C. §§ 1983, 1985(3) and the 4th, 5th, 8th, 10th, 14th, and 29th Amendments to the Constitution." (Am. Compl., ¶ 1). As with the plaintiff's allegations in the original complaint under 42 U.S.C. § 1983, such claims may only be pled against a person "acting under color of state law," and therefore are not properly alleged against AAA Typing & Resume, a private employer. (Sua Sponte Order at 7-8); see also, e.g., American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Further, the plaintiff's claims under § 1983 were dismissed by Judge Preska. Sua Sponte Order at 8).

as here, the Court has put Plaintiff on notice of the deficiencies in his original complaint and given him an opportunity to correct those deficiencies in an Amended Complaint, but Plaintiff has failed to do so, dismissal with prejudice is appropriate." Id. at *4; see also Sumay, 1996 WL 200620, at *4 (dismissing with prejudice second amended complaint that failed to correct deficiencies of prior pleadings).  Judge Preska gave Mr. Preacely detailed instructions for amending his complaint in order to present a plausible employment discrimination claim.  Because he failed to comply with those instructions, it must be inferred that he would be unable to present facts adequate to state a claim even if given further opportunities to amend.

Conclusion

    For the reasons set forth above, I recommend that the defendant's motion (Docket no. 11) be granted and that the amended complaint be dismissed with prejudice.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

_[signature]_

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:   New York, New York
         May 10, 2011

Copies mailed this date to:

Woodrow Wilson Preacely
500 West 177th Street, Apt. 4H
New York, New York   10033

Peter Mertz, Esq.
226 East 85th Street
New York, New York   10028

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-10-11
```